# NO. 12-11-00229-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *MICHAEL ALLYN KENNEDY,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*

This is an original proceeding. Relator Michael Allyn Kennedy complains in his "Petition for Prohibition and Motion to Reverse Trial Court Conviction and Punishment and Sep[a]rate Mandamus" that he has been denied the right to challenge his conviction and punishment in trial court cause number 12326. Because we have no jurisdiction to grant the relief he requests, we dismiss.

## BACKGROUND

Relator was charged with theft of property worth more than $1,500 and less than $20,000. The indictment alleged that the victim was elderly, which elevated the punishment range from that of a state jail felony to that of a third degree felony. The indictment also contained a single enhancement paragraph alleging that Relator had previously been convicted of a felony offense. At trial, the State was permitted to seek an enhanced sentence based on Relator's previous convictions for two felony offenses, instead of one as alleged in the indictment. The jury found Relator guilty and assessed punishment at imprisonment for sixty-two years and a fine of $10,000. *See Kennedy v. State*, No. 12-08-00246-CR, 2009 WL 4829989, at *1 (Tex. App.–Tyler Dec. 16, 2009, pet. stricken) (mem. op., not designated for publication).

On appeal, Relator argued, and this court held, that one of the convictions used to enhance Relator's sentence was not shown to be a final conviction. Accordingly, this court reversed the trial court's judgment with respect to the punishment imposed and remanded the case to the trial court for a new punishment hearing. *See id*., at \*4. On remand, the trial court conducted a new punishment hearing, and the jury assessed Relator's punishment at ninety-nine years of imprisonment. The trial court sentenced Relator in accordance with the jury's punishment verdict. Relator filed a notice of appeal from the trial court's judgment, and that appeal is now pending in this court's cause number 12-11-00041-CR.

## AVAILABILITY OF RELIEF

Although the title of Relator's petition indicates that he is seeking a writ of mandamus and a writ of prohibition, his request for relief reads as follows:

> For these reasons this court should reverse [the] conviction or show how a crime or offense [was] committed since there [are] no remedies by habeas corpus to address this conviction or no crime or offense committed, the conviction should be reversed for a new trial in case no. 29326 Kennedy v. State from Anderson County, Texas.

This court has affirmed Relator's conviction. *See **Kennedy***, 2009 WL 4829989, at \*4. Our mandate issued on April 30, 2010, and the judgment is final. Therefore, Relator's request for relief is, in substance, a request for postconviction habeas relief. *See **Ex parte Adams***, 768 S.W.2d 281, 287 (Tex. Crim. App. 1989). The court of criminal appeals has sole jurisdiction to grant postconviction habeas relief from a final felony conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 § 3(a) (Vernon Supp. 2010).

## DISPOSITION

Because we are without jurisdiction to grant postconviction habeas corpus relief from a final felony conviction, we ***dismiss*** Relator's petition for want of jurisdiction.[1] All pending motions are overruled as moot.

---

[1] Relator also complains that the court reporter has not filed a reporter's record in his appeal, and that the reporter's record is essential to the prosecution of his appeal. Although he does not request relief against the court

2

**S<span>AM</span> G<span>RIFFITH</span>**
Justice

Opinion delivered August 3, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

reporter, this court's records reflect that the court reporter filed the reporter's record in Relator's pending appeal (appellate cause number 12-11-00041-CR) on July 25, 2011.